# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ADAN AND ANA FARIAS

### DEFENDANTS
JOHN ASHCROFT, ATTORNEY GENERAL AND DISTRICT DIRECTOR, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT

(b) County of Residence of First Listed Plaintiff: TARRANT
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: DALLAS
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED SEP 26 2003 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
JESUS SAUCEDA, ATTORNEY AT LAW
2565 NE 28th STREET
FORT WORTH, TEXAS 76111
817 740 9996

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- G 1 U.S Government Plaintiff
- X G 2 U.S. Government Defendant
- G 3 Federal Question (U.S. Government Not a Party)
- G 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane | G 362 Personal Injury— Med. Malpractice | G 620 Other Food & Drug | | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product Liability | G 365 Personal Injury — Product Liability | G 625 Drug Related Seizure of Property 21 USC 881 | G 423 Withdrawal 28 USC 157 | G 430 Banks and Banking |
| G 140 Negotiable Instrument | G 320 Assault, Libel & Slander | G 368 Asbestos Personal Injury Product Liability | G 630 Liquor Laws | | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment & Enforcement of Judgment | G 330 Federal Employers' Liability | | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 460 Deportation |
| G 151 Medicare Act | G 340 Marine | **PERSONAL PROPERTY** | G 650 Airline Regs. | G 820 Copyrights | G 470 Racketeer Influenced and Corrupt Organizations |
| G 152 Recovery of Defaulted Student Loans (Excl. Veterans) | G 345 Marine Product Liability | G 370 Other Fraud | G 660 Occupational Safety/Health | G 830 Patent | G 810 Selective Service |
| G 153 Recovery of Overpayment of Veteran's Benefits | G 350 Motor Vehicle | G 371 Truth in Lending | G 690 Other | G 840 Trademark | G 850 Securities/Commodities/Exchange |
| G 160 Stockholders' Suits | G 355 Motor Vehicle Product Liability | G 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | G 875 Customer Challenge 12 USC 3410 |
| G 190 Other Contract | G 360 Other Personal Injury | G 385 Property Damage Product Liability | G 710 Fair Labor Standards Act | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 195 Contract Product Liability | | | G 720 Labor/Mgmt. Relations | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 730 Labor/Mgmt.Reporting & Disclosure Act | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
| G 210 Land Condemnation | G 441 Voting | G 510 Motions to Vacate Sentence | G 740 Railway Labor Act | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| G 220 Foreclosure | G 442 Employment | Habeas Corpus: | | G 865 RSI (405(g)) | G 895 Freedom of Information Act |
| G 230 Rent Lease & Ejectment | G 443 Housing/ Accommodations | G 530 General | G 790 Other Labor Litigation | **FEDERAL TAX SUITS** | G 900 Appeal of Fee Determination Under Equal Access to Justice |
| G 240 Torts to Land | G 444 Welfare | G 535 Death Penalty | | G 870 Taxes (U.S. Plaintiff or Defendant) | G 950 Constitutionality of State Statutes |
| G 245 Tort Product Liability | G 440 Other Civil Rights | G 540 Mandamus & Other | G 791 Empl. Ret. Inc. Security Act | G 871 IRS—Third Party 26 USC 7609 | G 890 Other Statutory Actions |
| G 290 All Other Real Property | | G 550 Civil Rights | | | |
| | | G 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X G 1 Original Proceeding
G 2 Removed from State Court
G 3 Remanded from Appellate Court
G 4 Reinstated or Reopened
G 5 Transferred from another district (specify)
G 6 Multidistrict Litigation
G 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

WRIT IN THE NATURE OF MANDAMUS 8 USC §1103(a)

## VII. REQUESTED IN COMPLAINT:
G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: G Yes G No

## VIII. RELATED CASE(S) IF ANY
N/A (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 9/26/03
SIGNATURE OF ATTORNEY OF RECORD /s/ Jesus Sauceda

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS, TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 6 2003

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

| | |
|---|---|
| ADAN FARIAS, AND ) | |
| ) | |
| ANA FARIAS ) | CAUSE NO. |
|     PLAINTIFFS ) | |
| ) | |
| V. ) | |
| ) | |
| JOHN ASHCROFT, ) | |
| ATTORNEY GENERAL ) | |
| AND ) | |
| DISTRICT DIRECTOR ) | |
| BUREAU OF IMMIGRATION AND ) | A#: 29 247 009 |
| CUSTOMS ENFORCEMENT ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS

COMES NOW Ana and Adan Farias, Plaintiffs in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

1. This action is brought against the Defendants to compel action on an application for lawful permanent resident status properly filed by the Plaintiff's. The application was filed and remains within the jurisdiction of the Defendants, who have improperly withheld action on said application to Plaintiff's detriment.

## PARTIES

2. Plaintiff Ana Farias is a 42 year-old native and citizen of El Salvador. She entered the United States in July 1987 as an illegal alien. Since her arrival in 1987, Plaintiff has been employed. She received initial authorized employment

under Temporary Protected Status under 8 CFR § 244. Since filing for lawful permanent resident status in 1996, she has been employed as authorized by federal regulation. 8 CFR §274a.12 (c)(9)

3. Plaintiff Ana Farias is a 42 year-old native and citizen of El Salvador and the spouse of Adan Farias. She entered the United States as an undocumented alien and accordingly, is entitled to seek lawful permanent resident status as accompanying his wife pursuant to INA §203(d). 8 USC §1153(d) and § 245(i) of the Act.

4. Defendant John Ashcroft is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 USC §1103(a). More specifically, the Attorney General is responsible for the adjudication of applications for adjustment of status filed pursuant to §245 of the Immigration and Nationality Act (INA), 8 USC §1255. The Bureau of Citizenship and Immigration Services is an agency within the Department of Justice to whom the Attorney General's authority has in part been delegated, and is subject to the Attorney General's supervision.

5. Defendant District Director is an official of the Bureau of Immigration and Customs Enforcement (BUREAU) generally charged with supervisory authority over all operations of the BCIS within his/her District with certain specific exceptions not relevant here. 8 CFR §103.1(g)(2)(ii)(B). As will be shown,

Defendant District Director is the official with whom Plaintiffs' application for lawful permanent resident status was properly filed.

## JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1331 AND 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant resides and where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. More specifically, Plaintiffs' application for lawful permanent resident status was properly filed and, to Plaintiffs' knowledge, remains pending with the Dallas BCIS District Director. (See attachment "A").

## EXHAUSTION OF REMEDIES

8. Plaintiffs have exhausted their administrative remedies. Plaintiffs have, through their attorney, made numerous inquiries concerning the status of the applications to no avail. (See Attachment "B").

## CAUSE OF ACTION

9. Accordingly, Adan Farias petitioned for Plaintiff Ana Farias and was classified as a spouse of a Legal Resident as pursuant to INA §204. Approval of this petition is a prerequisite to the Plaintiff applying for adjustment of status to lawful permanent resident pursuant to INA §245.

10. The I-130 petition filed by Adan Farias was in fact approved by the BUREAU on January 5, 1993. (See attachment "C").

11. All legal prerequisites having been satisfied, Plaintiffs applied for adjustment of status to lawful permanent resident with the Defendant Bureau District Director on December 12, 1996. At the time of said filing, such applications were being adjudicated by the Defendant District Director in a period of between three and nine months. (See attachment "D").

12. Plaintiffs' applications for adjustment of status has now remained unadjudicated for well over six (6) years.

13. Defendants have sufficient information to determine Plaintiff's eligibility pursuant to applicable requirements. To date, said applications have not been adjudicated.

14. Defendant's refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and unreasonable, have delayed in and have refused to, adjudicate Plaintiffs' applications for over six years, thereby depriving them of the right to a decision on their status and the peace of mind to which Plaintiffs are entitled.

15. Plaintiffs have been greatly damaged by the failure of Defendants to act in accord with their duties under the law.

    (a) Plaintiffs have further been damaged in that their employment authorization is tied to their status as applicants for permanent residency, and is limited to increments not to exceed one year. 8 CFR 274a12(c)(9). Therefore, as in the case of the advanced parole, Plaintiffs have been forced to repeatedly apply (and pay) for extensions of employment authorization, to the continued inconvenience and harassment of Plaintiffs, which is required by law to continually insure her work eligibility. INA §274A(a)(2), 8 USC §1324a(a)(2).

    (b) Plaintiffs have further been damaged by simply being deprived of the status of lawful permanent residents during the interminable pendency of their applications.

16. The Defendants, in violation of the Administrative procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiff's application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

17. Plaintiffs have made numerous status inquiries in an attempt to secure adjudication of their applications, all to no avail. Accordingly Plaintiffs have been forced to retain the services of an attorney to pursue the instant action. (See attachment "B").

18. WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring Defendants to adjudicate Plaintiffs applications for adjustment of status;

(b) awarding Plaintiffs reasonable attorney's fees; and

(c) **granting such other relief at law and in equity as justice may require.**

Respectfully submitted,

Jesus Sauceda
Attorney At Law
17668000
2565 N.E. 28th Street
Fort Worth, Texas 76111
817 740 9996

## LIST OF ATTACHMENTS

*Exhibit Description*

A. I-485 Adjustment of Status with I-485A Applications filed 12/19/96 Attachments: G-325A, Form 9003, Form I-134, copy of spouse's I-551 card, INS I-130 approval notice, copy of I-130 petition (with G325A's, marriage license, copy of I551 card, money order, and G-28).

B. Inquiries made to US INS.

C. INS I-797 I-130 Approval Notice.

D. INS District Office Dallas, Texas 245I receipt.